UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| J3 ENERGY GROUP, INC., | Bankruptcy No. 14-00532 (JJT) |
| Debtor. | |
| WILLIAM G. SCHWAB, AS CHAPTER 7 TRUSTEE OF J3 ENERGY GROUP, INC., | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| APPLIED ENERGY PARTNERS, LLC, | |
| Defendant. | |

### COMPLAINT OF WILLIAM G. SCHWAB, AS CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFERS AGAINST APPLIED ENERGY PARTNERS, LLC AND FOR RELATED RELIEF

William G. Schwab (hereinafter the "Plaintiff" or the "Trustee"), as Chapter 7 trustee of the estate of J3 Energy Group, Inc. (the "Debtor"), as and for his complaint to avoid and recover unauthorized post-petition transfers pursuant to 11 U.S.C. §§549 and 550 and for related relief, specifically avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding to determine property of the estate pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C) and (O) and to avoid and recover unauthorized post-petition transfers pursuant to 11 U.S.C. §549(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1408 and 1409.

3. The statutory and procedural grounds for the relief requested herein are 11 U.S.C. §§549, 550 and 502(d).

## PARTIES

4. Plaintiff is the duly appointed Chapter 7 trustee of the Debtor.

5. Applied Energy Partners, LLC (the "Defendant") is a limited liability company having a principal address located at 40 Lloyd Avenue, Suite 205, Malvern, PA 19355.

6. Upon information and belief, the Defendant is the owner of all or substantially all of the equity security interests in the Debtor.

## BACKGROUND

7. On February 7, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. On February 11, 2015 (the "First Conversion Order"), this Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

9. On March 26, 2015, this Court entered an order reconverting the Debtor's Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code.

10. On June 27, 2016, this Court entered an order again converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code (the "Second Conversion Order").

11. Following the entry of the First Conversion Order and the Second Conversion Order, the Trustee was appointed interim trustee of the Debtor's estate, has duly qualified and is presently so acting.

12. Prior to the cessation of its operations in 2016, the Debtor, acting through its owner, the Defendant, operated an energy consulting business located in Schuylkill Haven, PA.

13. At some point after the reconversion of the Debtor's Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code, the Defendant caused the Debtor to make substantial management fee or similar payments to the Defendant without notice to creditors or approval by the Bankruptcy Court.

14. During the period from July, 2015 through April, 2016, the Debtor transferred to or for the benefit of the Defendant money or property totaling $187,480.00 (collectively, the "Post-Petition Transfers"). A summary of the Post-Petition Transfers is annexed hereto and made a part hereof as Exhibit "A".

15. Upon information and belief, the Debtor did not obtain an order of this Court authorizing its retention of the Defendant as a "manager", consultant or any other professional capacity pursuant to §327(a) of the Bankruptcy Code or an order authorizing the Debtor to compensate the Defendant for management or other services pursuant to §§328, 330 and 331 of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF
### (To Avoid and Recover Post-Petition Transfers Pursuant to 11 U.S.C. §549(a))

16. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 15 hereof as if fully set forth herein at length.

17. The Post-Petition Transfers were transfers of estate property.

18. The Post-Petition Transfers were made by the Debtor after the commencement of the Debtor's Chapter 11 case.

19. The Post-Petition Transfers were not authorized pursuant to any provision of the Bankruptcy Code or pursuant to any order of this Court.

20. The Post-Petition Transfers were made on account or otherwise in consideration of professional or "management" services purportedly rendered by the Defendant.

21. As a result of the foregoing, the Post-Petition Transfers are avoidable by the Trustee pursuant to §549(a) of the Bankruptcy Code and recoverable for the benefit of the estate pursuant to §550(a) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (To Disallow Defendant's Claims Pursuant to 11 U.S.C. §502(d))

22. The Trustee repeats and realleges each and every allegation contained in paragraph 1 through 21 hereof as if fully set forth herein at length.

23. The Post-Petition Transfers are avoidable pursuant to §549(a) of the Bankruptcy Code and recoverable from the Defendant pursuant to §550(a) of the Bankruptcy Code.

24. By reason of the foregoing, to the extent that the Defendant holds one or more claims against the Debtor or its estate, such claims should be disallowed pursuant to §502(d) of the Bankruptcy Code because the Defendant has failed to return the Transfers or to pay the value thereof to the Trustee.

## RESERVATIONS OF RIGHTS

25. Exhibit "A" reflects the current state of the Trustee's knowledge concerning the transfers made by the Debtor to or for the benefit of the Defendant which are or may be avoidable under Chapter 5 of the Bankruptcy Code. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers or money and/or property made by the Debtor to the Defendant which are avoidable or recoverable under other provisions of the Bankruptcy Code. The Trustee intends to avoid and recover all such transfers, whether or not such transfers are presently reflected in Exhibit "A".

4

Case 5:14-bk-00532-JJT    Doc 468    Filed 10/28/16    Entered 10/28/16 10:12:16    Desc
Main Document    Page 4 of 5

WHEREFORE, the Trustee demands that judgment be entered in his favor and against the Defendant as follows:

(a) avoiding the Post-Petition Transfers;

(b) ordering the recovery of the Transfers or the value thereof from the Defendant;

(c) disallowing any claims asserted by or on behalf of the Defendant;

(d) awarding prejudgment interest, costs and attorneys' fees to the extent permitted under applicable law; and

(e) for such other and further relief as may be just and proper.

Dated: October 28, 2016

**KURTZMAN | STEADY, LLC**

By: _/s/ Jeffrey Kurtzman_

Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Special Litigation Counsel for Plaintiff